## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| **JERROD SMITH, # M-21875,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **Case No. 15-cv-913-MJR** |
| | ) | |
| **C/O STOUT (#9224),** | ) | |
| **STEVE DUNCAN,** | ) | |
| **and LT. DALLAS,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## <u>MEMORANDUM AND ORDER</u>

**REAGAN, Chief District Judge:**

Plaintiff, currently incarcerated at Lawrence Correctional Center ("Lawrence"), has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983.  This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A.

In the complaint, Plaintiff states that on July 8, 2015, he was on crisis watch at Lawrence because he had been having hallucinations and suicidal thoughts (Doc. 1, p. 6).  He was hearing voices which told him to cover up the window in his cell door.  He used a mattress and blanket to do this.  Defendants Stout and Dallas opened the door and removed these items.

Next, Plaintiff stripped naked and hung up his "suicide smock," apparently over the same window.  Defendants Stout and Dallas responded again, along with two other officers.  They opened the door without securing or restraining Plaintiff.  Defendant Stout reached through the door and grabbed Plaintiff by the neck, forcefully choking him.  Meanwhile, the other officers removed the smock from the cell.

Along with the complaint, Plaintiff submitted a document entitled "Written

Injunction" (Doc. 4).  This has been docketed as a motion seeking a preliminary injunction.  In this document, Plaintiff again describes the assault by Defendant Stout.  He adds that he requested medical attention after the incident, but was ignored.  He continues to have neck pain.

Plaintiff complained about the assault and filed an emergency grievance, but got no response.  His grievances have been lost, stolen, or tampered with.  Internal Affairs has refused to investigate the matter.  Further, on July 30, 2015, Defendant Stout threatened to assault Plaintiff again (Doc. 4, p. 2).  He has frequent contact with Defendant Stout, who works on the segregation wing where Plaintiff is housed, allowing him to continue his harassment and threats.  Plaintiff suffers from PTSD due to an earlier assault by a correctional officer at a previous institution.  He now fears for his safety at Lawrence, and has thoughts of committing suicide.

As relief, Plaintiff seeks a transfer to a different prison.  He also requests compensatory damages.

**Merits Review Pursuant to 28 U.S.C. § 1915A**

Under § 1915A, the Court is required to conduct a prompt threshold review of the complaint, and to dismiss any claims that are frivolous, malicious, fail to state a claim on which relief may be granted, or seek monetary relief from an immune defendant.

Accepting Plaintiff's allegations as true, the Court finds that Plaintiff has articulated the following colorable federal causes of action, which shall receive further review.  The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court.  The designation of these counts does not constitute an opinion as to their merit.

> **Count 1:**  Eighth Amendment claim against Defendant Stout for assaulting Plaintiff on July 8, 2015, and against Defendant Dallas, for witnessing the assault

and failing to intervene;

**Count 2:**  Eighth Amendment claim against Defendants Stout and Dallas, for failing to obtain medical attention for Plaintiff following the assault in Count 1.

## Count 1 – Excessive Force and Failure to Intervene

The intentional use of excessive force by a prison guard against an inmate without penological justification constitutes cruel and unusual punishment in violation of the Eighth Amendment and is actionable under § 1983.  *See Wilkins v. Gaddy*, 559 U.S. 34 (2010); *DeWalt v. Carter*, 224 F.3d 607, 619 (7th Cir. 2000).  An inmate must show that an assault occurred, and that "it was carried out 'maliciously and sadistically' rather than as part of 'a good-faith effort to maintain or restore discipline.'"  *Wilkins*, 559 U.S. at 40 (citing *Hudson v. McMillian*, 503 U.S. 1, 6 (1992)).  An inmate seeking damages for the use of excessive force need not establish serious bodily injury to make a claim, but not "every malevolent touch by a prison guard gives rise to a federal cause of action."  *Wilkins*, 559 U.S. at 37-38 (the question is whether force was de minimis, not whether the injury suffered was de minimis); *see also Outlaw v. Newkirk*, 259 F.3d 833, 837-38 (7th Cir. 2001).

Based on Plaintiff's allegations, it does not appear that Defendant Stout's action of grabbing Plaintiff by the neck and choking him was done in a good faith manner to restore discipline.

Furthermore, an officer who witnesses an act of excessive force but fails to intervene may be equally liable for the prisoner's injuries.  The Seventh Circuit has examined this issue as it pertains to police officers who fail to intervene when a fellow officer exceeds his authority, stating:

We believe it is clear that one who is given the badge of authority of a police officer may not ignore the duty imposed by his office and fail to stop other

officers who summarily punish a third person in his presence or otherwise within his knowledge.

*Byrd v. Brishke*, 466 F.2d 6, 11 (7th Cir. 1972); *see also Lanigan v. Vill. of E. Hazel Crest*, 110 F.3d 467, 477 (7th Cir. 1997); *Yang v. Hardin*, 37 F.3d 282, 285 (7th Cir. 1994) (collected cases).

Based on this authority, Plaintiff may proceed on his claims in Count 1 against Defendants Stout and Dallas.

**Count 2 – Deliberate Indifference to Medical Needs**

Although Defendants Stout and Dallas are not medical providers, the Seventh Circuit has held that a guard who uses excessive force on a prisoner has "a duty of prompt attention to any medical need to which the beating might give rise[.]" *Cooper v. Casey*, 97 F.3d 914, 917 (7th Cir. 1996). Plaintiff suggests that after Defendant Stout choked Plaintiff in the presence of Defendant Dallas, neither Defendant allowed Plaintiff to get medical attention for his injuries. Such a failure may amount to deliberate indifference to Plaintiff's need for medical care. At this stage, it cannot be determined whether the actions of Defendants Stout and Dallas resulted in Plaintiff being denied medical care or otherwise constituted deliberate indifference to Plaintiff's serious medical needs. Therefore, Plaintiff's claim against these Defendants in Count 2 shall also proceed for further review.

**Defendant Duncan**

Plaintiff does not claim that Defendant Duncan (Lawrence Warden) was directly involved in the assault or the failure to obtain medical care for Plaintiff. Thus, the complaint fails to suggest that he was personally liable for any constitutional violations. However, because Plaintiff is seeking injunctive relief, Defendant Warden Duncan shall remain in the action in his official capacity only, for the purpose of implementing any injunctive relief to which Plaintiff

may be entitled if he should prevail.  *See Gonzalez v. Feinerman*, 663 F.3d 311, 315 (7th Cir. 2011) (proper defendant in a claim for injunctive relief is the government official responsible for ensuring any injunctive relief is carried out).

**Pending Motions**

Plaintiff's motion for recruitment of counsel (Doc. 3) and the motion for preliminary injunction (Doc. 4) shall be referred to the United States Magistrate Judge for further consideration.

The motion for service of process at government expense (Doc. 5) is **GRANTED;** service shall be ordered below on the Defendants.

**Disposition**

All claims against Defendant **DUNCAN** in his individual capacity are **DISMISSED** without prejudice.

The Clerk of Court shall prepare for Defendants **STOUT, DALLAS,** and **DUNCAN (Official capacity only)**:  (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons).  The Clerk is **DIRECTED** to mail these forms, a copy of the complaint, and this Memorandum and Order to each Defendant's place of employment as identified by Plaintiff.  If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that Defendant, and the Court will require that Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

With respect to a Defendant who no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work

address, or, if not known, the Defendant's last-known address.  This information shall be used only for sending the forms as directed above or for formally effecting service.  Any documentation of the address shall be retained only by the Clerk.  Address information shall not be maintained in the court file or disclosed by the Clerk.

Plaintiff shall serve upon Defendants (or upon defense counsel once an appearance is entered), a copy of every pleading or other document submitted for consideration by the Court.  Plaintiff shall include with the original paper to be filed a certificate stating the date on which a true and correct copy of the document was served on Defendants or counsel. Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to **United States Magistrate Judge Stephen C. Williams** for further pre-trial proceedings, which shall include a determination on the pending motions for recruitment of counsel (Doc. 3) and preliminary injunctive relief (Doc. 4).

Further, this entire matter shall be **REFERRED** to United States Magistrate Judge Williams for disposition, pursuant to Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *if all parties consent to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under § 1915, Plaintiff will be required to pay the full amount of the costs, notwithstanding that his application to proceed *in forma pauperis* has been granted.  *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against Plaintiff and remit the balance to Plaintiff.  Local Rule 3.1(c)(1).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts.  This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs.  Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution.  *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: September 22, 2015**

s/ MICHAEL J. REAGAN
Chief Judge
United States District Court