IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JERROD SMITH, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) Case No. 15-cv-913-MJR-SCW ) |
| C/O STOUT and LT. DALLAS, | ) ) |
| Defendants. | ) ) ) |

## REPORT AND RECOMMENDATION

**WILLIAMS, Magistrate Judge:**

*Pro se* Plaintiff Jerrod Smith filed the present action alleging violations of his civil rights during his incarceration with the Illinois Department of Corrections ("IDOC"). This matter is before the Court on an oral Motion to Dismiss for Want of Prosecution (Doc. 32) filed by Defendants. As further discussed below, the undersigned **RECOMMENDS** that the district judge **GRANT** the Motion to Dismiss and **DISMISS** this matter due to Plaintiff's failure to prosecute.

### BACKGROUND

Plaintiff filed suit on August 17, 2015. (Doc. 1). At the time Plaintiff filed suit he was incarcerated at Lawrence Correctional Center ("Lawrence"). (*Id.* at 1). Plaintiff was transferred to Dixon Correctional Center ("Dixon") in December 2015. (Doc. 22). According to Defendants, Plaintiff was paroled on March 31, 2017. (Doc. 32, p. 2). A search of IDOC's website also indicates that Plaintiff is listed as paroled. To this date,

however, Plaintiff has failed to notify neither the Court nor counsel for Defendants of Plaintiff's new address. In his merits review order, Judge Reagan informed Plaintiff that he was under a continuing obligation to keep the Clerk of Court and opposing parties notified of any change of address, and that such notification should take place within seven (7) days after an address change. (Doc. 11, p. 7). Plaintiff was also informed that failure to notify of an address change could result in dismissal for want of prosecution. (*Id.*).

Defendants filed their Motion to Dismiss on August 2, 2017 (Doc. 32), and on August 3, 2017, the Court set this matter for a motion hearing to take place on August 14, 2017. (Doc. 33). The Notice of Hearing contained the following warning: "**Failure to appear by Plaintiff will result in dismissal of his suit for want of prosecution.**" The notice was sent to Lawrence.

Plaintiff then failed to appear for the August 14 hearing. At that hearing, defense counsel indicated that a woman representing herself as Plaintiff's mother had called the office of the Attorney General regarding the hearing. Defense counsel indicated that he was under the impression that she intended to call-in for the hearing. Neither Plaintiff nor anyone on his behalf appeared for the August 14 hearing, however.

## ANALYSIS

Under Rule 41(b), a court may dismiss an action with prejudice "if the plaintiff fails to prosecute or to comply with [the Federal Rules] or a court order." **FED.R.CIV.P. 41(b)**. A district court should dismiss a suit under Rule 41(b) "when there is a clear

record of delay or contumacious conduct, or when other less drastic sanctions have proven unavailing." *Salata v. Weyerhauser Co.*, **757 F.3d 695, 699 (7th Cir. 2014) (quoting *Webber v. Eye Corp.*, 721 F.2d 1067, 1069 (7th Cir. 1983)) (internal quotations omitted)**. In addition, district courts have an inherent power to dismiss suits due to a plaintiff's failure to prosecute. *Link v. Wabash Railroad Co.*, **370 U.S. 626, 629, 82 S.Ct. 1386, 8L.Ed.2d 734 (1962)**. This power is necessary in order to prevent unnecessary delays in disposing of pending cases and to avoid clogging the district courts' calendars. *Id.* **at 629 – 30.**

Plaintiff has shown no interest in prosecuting his suit. Though Plaintiff has been discharged from Lawrence, he has failed to file a change of address with the Court, even though the threshold order instructed him to do so. Defendants are now unable to contact Plaintiff in preparation for the upcoming trial. In addition, this Court set a motion hearing to which Plaintiff did not appear. The Notice of Hearing was viewable to the public, and specifically indicated that Plaintiff's failure to appear could result in dismissal of his lawsuit. The threshold order also specifically indicated that failure to notify the Court of a change of address could result in a dismissal. The fact that Plaintiff's mother called defense counsel's office does not change the Court's calculus. In fact, it arguably weighs in favor of dismissal. Someone related to Plaintiff had notice of this hearing, an still neither Plaintiff nor anyone on his behalf appeared for it. Therefore, the undersigned finds that Plaintiff had adequate warning of the consequences of failing to notify the Court of a new address and of failing to appear at

the hearing. *See Ball v. City of Chicago*, **2 F.3d 752, 760 (7th Cir. 1993) (holding "there must be an explicit warning before the case is dismissed" for failure to prosecute).** This suit should be dismissed.

## Conclusion

For the reasons discussed above, Plaintiff has failed to diligently prosecute his suit. For these reasons, the undersigned **RECOMMENDS** that the district judge **GRANT** Defendants' Motion to Dismiss (Doc. 32), and **DISMISS** all claims in this matter **with prejudice**.

Pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 73.1(b), the parties may object to any or all of the proposed dispositive findings in this Recommendation. The failure to file a timely objection may result in the waiver of the right to challenge this Recommendation before either the District Court or the Court of Appeals. *See, e.g., Snyder v. Nolen*, **380 F.3d 279, 284 (7th Cir. 2004).** Accordingly, Objections to this Report and Recommendation must be filed on or before **September 4, 2017**.

**IT IS SO ORDERED**.
DATED: 8/18/2017

*/s/ Stephen C. Williams*
STEPHEN C. WILLIAMS
United States Magistrate Judge